# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Desmond Phillips, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:16-cv-1612-PMD-MGB |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Georgetown County, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff Desmond Phillips' objections to United States Magistrate Judge Mary Gordon Baker's report and recommendation ("R & R") (ECF Nos. 31 & 29). The Magistrate Judge recommends granting Defendant Georgetown County's motion for summary judgment. For the reasons stated herein, the Court overrules Phillips' objections, adopts the R & R, and grants the County's motion for summary judgment.

## PROCEDURAL HISTORY

The Magistrate Judge issued her R & R on January 24, 2018. Phillips filed his objections to the R & R on February 6, and the County replied on February 20. Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's recommendations and proposed findings within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may

accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151–52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Phillips brought five causes of action against the County for racial discrimination, retaliation, wrongful termination, age discrimination, and disability discrimination. The County moved for summary judgment on all five of Phillips' claims, and the Magistrate Judge recommended that the Court grant summary judgment as to all five claims. Phillips objects generally to the entire R & R, contending that the Magistrate Judge did not view the evidence in the light most favorable to him. Although Phillips notes in his objections that he received a positive evaluation in 2008 and that he received numerous letters of recommendation on his behalf, those facts do nothing to convince the Court to reject the R & R's recommendation because those facts do not address the deficiencies the Magistrate Judge identified. In any event, they certainly cannot be called specific objections as they do not address the Magistrate Judge's analysis. Phillips only specifically objects to the R & R's analysis of his racial discrimination claim, and he states that he does not object to the dismissal of his age discrimination or disability discrimination claims. As a result, having carefully reviewed the R & R's analysis of Phillips' other four claims for clear

error and finding none, the Court grants the County's motion for summary judgment as to those four causes of action. The Court now turns to Phillips' racial discrimination claim.

The Magistrate Judge concluded that Phillips had exhausted his administrative remedies such that he was entitled to file suit as to acts that occurred during the 300 days that preceded his Equal Employment Opportunity Commission charge on June 15, 2015. As a result, she found that the Court lacked jurisdiction to address any acts that occurred before August 19, 2014, because Phillips did not exhaust his administrative remedies as to those acts. Although the Magistrate Judge noted that this might foreclose Phillips' racial discrimination cause of action, she nonetheless fully analyzed his claim.

The Court now turns to the merits of Phillips' racial discrimination claim. In order to state a claim, Phillips must first establish a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To do so, the Fourth Circuit has held that a plaintiff must show that "(1) []he is a member of a protected group, (2) there was a specific position for which []he applied, (3) []he was qualified for that position, and (4) [his employer] rejected [his] application under circumstances that give rise to an inference of discrimination." *McCaskey v. Henry*, 461 F. App'x 268, 269–70 (4th Cir. 2012) (quoting *Williams v. Giant Food Inc.*, 370 F.3d 423, 430 (4th Cir. 2004)). It is undisputed that Phillips is a member of a protected class. However, the Magistrate Judge concluded that Phillips failed to establish a *prima facie* case because he did not establish the last three prongs. The Court agrees. The Court addresses them in turn.

First, there is some question as to whether there was a community specialist position available at all during the 300 days preceding Phillips' EEOC charge. The County stated in a letter to the EEOC that no positions had been available since February 2014. Phillips objects to that conclusion, but does not point to any evidence in support of his contrary position. As the

3

Magistrate Judge points out, Phillips had the opportunity to inquire with the County as to whether there had been any available positions during the discovery process, and has still not presented any evidence to support his claim. Moreover, even assuming arguendo that there were community specialist positions available, it is undisputed that Phillips never applied for those positions. Phillips argues that he was prevented from applying, but again fails to point to any evidence that supports his position. In contrast, the County has provided evidence that the community specialist position requires a bachelor's degree, which Phillips admittedly does not possess. Accordingly, had there been any community specialist positions, Phillips would have been unqualified for them. Verging on conspiracy, he argues, again without any evidentiary support, that the County included the bachelor's degree requirement to eliminate him from consideration for the position. There is no evidence in the record that supports this naked allegation. Finally, there is no evidence that the entirety of these circumstances gives rise to an inference of discrimination. As noted by the Magistrate Judge, Phillips' allegations include the fact that one of the two positions he claims were available[1] was filled by an African American male, and three of the six community specialists employed by the County at that time were also African American. Currently, three of the four community specialists are African American. Phillips has not even presented circumstantial evidence of racial discrimination, much less provided that evidence in his objections. The County has sufficiently set forth its well-supported positions and Phillips has failed to present any evidence that would support a *prima facie* case of racial discrimination. Accordingly, the Court overrules his objections, adopts the R & R, and grants the County's motion for summary judgment.

---

1. This African American male was allegedly hired in April 2015.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that Phillips' objections are **OVERRULED**, that the R & R is **ADOPTED**, and that the County's motion for summary judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

                                              PATRICK MICHAEL DUFFY
                                              United States District Judge

**March 15, 2018**
**Charleston, South Carolina**